■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE D. TORREY, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), rendered September 10, 1987 in Cortland County, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

On February 11, 1987, at approximately 1:00 A.M., two State Police Troopers, Lawrence Jackmin and Steven Bilodeau, observed an automobile driven by defendant cross over the double center lines on State Route 41 in Cortland County. The Troopers reversed their direction and followed defendant for approximately one mile, observing him twice again crossing into the oncoming lane of traffic. The Troopers then activated the patrol vehicle's flashing lights and pulled defendant over. Upon initial contact with defendant, Jackmin observed watery, bloodshot eyes, breath smelling strongly of alcohol and slurred speech. Based on these observations, three different field sobriety tests were administered, all of which defendant failed. After the tests, defendant was arrested for driving while under the influence of alcohol and the Troopers testified that he was then given his driving while intoxicated chemical test warnings and his *Miranda* warnings. Although advised of the ramifications of his refusal to submit to a chemical test to determine his blood alcohol content, defendant nevertheless refused to submit to such a test.

Defendant, who had been convicted in December 1981 of operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2), was indicted on one count of operating a motor vehicle while under the influence of alcohol as a felony (Vehicle and Traffic Law § 1192 [3], [5]). Defendant pleaded not guilty and the matter moved to trial. The jury returned a verdict of guilty of the charged crime. This appeal followed.

Initially, defendant contends that he was deprived of a fair trial by remarks the prosecution purportedly made during his

closing with respect to defendant's silence at the time of his arrest. Viewed in context, the complained-of remarks by the prosecutor were aimed primarily at defendant's refusal to take a chemical test to determine his level of blood alcohol content. Indeed, a primary defense asserted by defendant at trial was that he had requested to take a chemical test and that the police refused to administer one. The prosecution had elicited testimony, however, indicating that defendant refused the request to take the test despite being warned in clear and unequivocal language of the consequences of his refusal. Under these circumstances, it was not error for the prosecution to introduce evidence of defendant's refusal to take a chemical test and to comment about such evidence upon summation *(see, People v Thomas,* 46 NY2d 100, *appeal dismissed* 444 US 891; *People v Reynolds,* 133 AD2d 499, *lv denied* 70 NY2d 403).

Defendant argues that the verdict was against the weight of the evidence. We cannot agree. The evidence clearly established that defendant was operating a motor vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Two Troopers testified to observing defendant veer across the center line into the oncoming lane of traffic three times before he was stopped. He was observed swaying and staggering when attempting to touch the tip of his nose while standing with his feet together and his eyes closed. When asked to bend down and touch his toes and stand back up, he was again seen swaying back and forth by the Troopers. This evidence, together with his refusal to take a chemical test, constituted sufficient credible evidence to support the verdict *(see, People v Reynolds,* 133 AD2d 499, *supra).*

To the extent that Supreme Court erred in allowing testimony about the field sobriety test known as "Horizontal Gaze Nystagmus" without a proper foundation as to its scientific acceptance or reliability *(see, People v Thomas,* 121 AD2d 73, 76, *affd* 70 NY2d 823; *see also, Frye v United States,* 293 F 1013; *Commonwealth v Miller,* 367 Pa Super 359, 532 A2d 1186; *State v Barker,* 366 SE2d 642 [W Va]; *cf., State v Superior Ct.,* 149 Ariz 269, 718 P2d 171), we conclude that it was harmless error in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230; *Commonwealth v Miller, supra).* Defendant's further contention that the sentence imposed was harsh and excessive and should be reduced in the interest of justice has been considered and found unpersuasive. It was well within statutory limitations.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.