■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN J. GALLUP, Appellant. [755 NYS2d 498] —Spain, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered March 21, 2001, upon a verdict

convicting defendant of the crime of driving while intoxicated and the traffic infractions of speeding, uninspected motor vehicle and consumption of alcohol in a motor vehicle.

Following a jury trial, defendant was convicted of driving while intoxicated (hereinafter DWI) as a felony (see Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and certain traffic infractions (see Vehicle and Traffic Law § 306 [b] [uninspected vehicle]; § 1180 [d] [speeding]; § 1227 [1] [consumption of alcohol in motor vehicle]). At trial, the only witness to testify was the sergeant with the Village of Cobleskill Police Department who, while on routine patrol at approximately 1:45 A.M. on July 3, 2000, observed defendant driving on a public road toward him at a speed exceeding the posted 30 mile-per-hour limit, calculated at 47 miles per hour on radar. After following defendant for about one-half mile, the sergeant activated his overhead lights and defendant complied by pulling over to the side of the road. From his vehicle, the sergeant observed a can being thrown out of the passenger window of defendant's vehicle. The sergeant exited his vehicle and, on approach, he observed that it was a can of beer with liquid pouring out of it. When asked if he had anything to drink other than the beer thrown out of the vehicle, defendant responded that he had consumed a couple of beers; he had difficulty producing his license and he was unable to locate his registration and insurance card. When defendant exited his vehicle, the sergeant observed that his eyes were bloodshot and watery, that he was unsteady and unbalanced, although able to support himself, and detected a very strong odor of alcohol emanating from defendant's breath.

The sergeant—a 19-year veteran with, inter alia, extensive training and certification as an instructor in standardized field sobriety testing—demonstrated and then administered two field sobriety tests, the horizontal gaze nystagmus test (hereinafter HGN test) in which a pen is passed across the eyes to observe eye movements, which the sergeant concluded defendant failed on all six points, and the walk and turn test, which defendant was not able to execute properly. Defendant refused to take a third test, the one-leg stand test. Concluding that defendant was intoxicated, the sergeant arrested defendant and recited the DWI warnings, which were recited two more times within a half hour, and then Miranda warnings. Defendant thereafter refused three times to submit to a chemical test to determine his blood alcohol content. Upon his convictions, defendant was sentenced to an indeterminate term of 2¹/₃ to 7 years' imprisonment, and now appeals.

Defendant's contention that the verdict on the DWI charge was against the weight of the evidence because it was based upon a single witness's brief observations is unpersuasive. While a different verdict would not have been unreasonable, we find that the jury acted reasonably in crediting the highly experienced sergeant's account and professional opinion and did not in any manner fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495). The odor of alcohol on defendant's breath, his watery and bloodshot eyes and unsteadiness, his admission to consuming beers and attempt to dispose of an open beer can, his failure on two field tests and his persistent refusal to take a chemical test despite warnings—reflecting consciousness of guilt—all support the conclusion that defendant was intoxicated (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v Ardila*, 85 NY2d 846, 847; *People v Cruz*, 48 NY2d 419, 428, *appeal dismissed* 446 US 901; *People v Hasenflue*, 252 AD2d 829, 831-832, *lv denied* 92 NY2d 982; *People v D'Angelo*, 244 AD2d 788, *lv denied* 91 NY2d 890; *see also People v Dougal*, 266 AD2d 574, 575, *lv denied* 94 NY2d 879).

Moreover, a review of the record as a whole does not support defendant's contentions that his trial counsel provided less than meaningful representation (*see People v Henry*, 95 NY2d 563, 565; *People v Baldi*, 54 NY2d 137, 147). At trial, defense counsel, among other things, made persuasive opening and closing statements and effectively cross-examined the sergeant, the sole witness. In so doing, counsel pursued a cogent defense theory that the five-minute interval between the sergeant's stop of defendant's vehicle and his arrest of defendant provided inadequate time or opportunity to observe defendant to support his conclusion that defendant was intoxicated. Counsel emphasized that defendant's driving had not been erratic, that he immediately pulled over and that there were innocuous explanations for defendant's behavior, including fatigue, nervousness, lack of coordination and the glaring police vehicle lights, and that the refusal to take the chemical test may have resulted from confusion between DWI warnings and *Miranda* warnings. Counsel successfully obtained a charge on a lesser included offense, ultimately rejected by the jury, and while he did not object to the scientific reliability of the HGN test, he elicited on cross-examination that it was not a perfectly accurate indicator of intoxication. Defendant has not demonstrated that counsel's waiver of pretrial motions or absence of trial motions lacked any strategic or legitimate trial strategy or that such motions would have had any merit, and the record supports the inference that defendant was incarcerated pend-

ing trial and sought to forego pretrial motion delays and promptly proceed to trial (*see People v Rivera*, 71 NY2d 705, 709).

Defendant's contention that the People's failure at trial to establish a proper scientific foundation for the HGN test requires a new trial is unpreserved, as defendant did not request a *Frye* hearing or object to the testimony concerning the administration or results of this test (*see* CPL 470.05 [2]; *People v Wesley*, 83 NY2d 417; *Frye v United States*, 293 F 1013). While this Court in years past has found error in allowing testimony concerning HGN field sobriety tests without a proper foundation as to its scientific acceptance or reliability, albeit harmless error (*see People v Heidelmark*, 214 AD2d 767, 769, *lv denied* 85 NY2d 973; *People v Erickson*, 156 AD2d 760, 762-763, *lv denied* 75 NY2d 966; *People v Torrey*, 144 AD2d 865, 866), subsequent decisions predating the trial in this case in which *Frye* hearings were held have determined that HGN tests are generally accepted within the scientific community as a reliable indicator of intoxication (*see People v Vanderlofske*, 186 Misc 2d 182; *People v Prue*, 2001 NY Slip Op 40594[U] [and cases cited therein]).* Thus, if defendant had raised the issue at trial, County Court could have declined to hold a *Frye* hearing and taken judicial notice of the reliability of the HGN procedure and could have, instead, conducted only a foundational inquiry into whether the accepted techniques were actually employed in this case and the tester's qualifications (*see People v Wesley, supra* at 435 [Kaye, Ch. J., concurring]). Consequently, we conclude that trial counsel's failure to raise the issue or object to the testimony did not deprive defendant of meaningful representation (*see People v Baldi, supra*).

Finally, we perceive no extraordinary circumstances or abuse of discretion warranting reduction of the sentence in the interest of justice (*see People v Berry*, 288 AD2d 501). While it represents the maximum authorized sentence for this D-level felony (*see* Penal Law § 70.00 [2], [3]; Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]), defendant's criminal history reflects that this is his fourth DWI conviction and second felony-level DWI, that he violated probation three times resulting in revocations and resentencing to incarceration, and that he has a significant history of other criminal offenses, amply supporting County Court's determination that a lengthy

* (*See also State v Hullinger*, 649 NW2d 253, 256-257 [SD] [chronicles that an overwhelming majority of jurisdictions permit HGN test evidence in DWI trials]; *State v Doriguzzi*, 334 NJ Super 530, 760 A2d 336; *State v Ito*, 90 Haw 225, 978 P2d 191.)

sentence was warranted to "break this cycle." Defendant's contention that the sentence constituted a punishment for declining a plea offer and proceeding to trial was not raised at sentencing and is thus unpreserved (*see People v Hurley*, 75 NY2d 887). In any event, it is meritless as the sentence imposed was only slightly longer than the plea offer.

Defendant's remaining contentions lack any merit.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.