(November 24, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN E. POWELL, Appellant. [786 NYS2d 584]—

Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 17, 1997, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (six counts), criminal possession of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the seventh degree (two counts).

As the result of a number of drug transactions between State Police Investigator Samuel Mercado and defendant between October 1995 and May 1996, defendant was indicted and charged in two separate indictments with 27 counts of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Following a jury trial, at which the trial court submitted 21 of the 27 counts to a jury, defendant was convicted of six counts of criminal sale of a controlled substance in the third degree, five counts of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree for which he was sentenced to an aggregate prison term of 41²/₃ to 125 years. Defendant appeals.

Of the numerous errors claimed to have been committed, we will address only two. First, defendant contends that the People failed to produce legally sufficient evidence to rebut the agency defense concerning a transaction that occurred on November 1, 1995. We agree. In order to determine that a verdict is supported by legally sufficient evidence, we "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). We do not believe such to be the case here.

According to Mercado, he went to defendant's residence on November 1, 1995 where he observed defendant and two other people smoking crack cocaine. One of those people told defendant that he wanted more crack; defendant advised that he would get some, but he wanted money first. Defendant then asked Mercado whether he wanted anything, and Mercado told defendant he had $30. Defendant and Mercado then went to defendant's car, where defendant retrieved $100, and the two of them proceeded to a residence located at 246 Duane Street. Mercado related that before entering the residence, defendant stated, "why don't you give me your [$30], so we can combine the money and get, obviously, more for our money." Mercado then gave defendant $30 and they both entered the residence, whereupon defendant purchased $150 worth of cocaine and gave Mercado what he believed to be a $30 bag. In spite of the evidence concerning other drug sales made by defendant, Mercado's testimony leads to no other reasonable conclusion but that defendant was purchasing drugs for himself and for Mercado and, thus, was in this instance, an agent and not a seller (*see e.g. People v Andujas,* 79 NY2d 113, 117-118 [1992]).

We likewise agree with defendant's contention that the aggregate sentence imposed upon him was unduly harsh and excessive. Accordingly, we reduce defendant's sentences to prison terms of 5 to 15 years on each of his remaining convictions for criminal sale of a controlled substance in the third degree, said sentences to run consecutively, and to a prison term of 5 to 15 years on each of his convictions for criminal possession of a controlled substance in the third degree, such sentences to run concurrently with those imposed for the convictions of criminal sale in the third degree. We have considered defendant's remaining contentions and find them unavailing.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing so

much thereof as convicted defendant of criminal sale of a controlled substance in the third degree under count 10 of indictment No. 596-5 and as imposed an aggregate sentence of 41²/₃ to 125 years in prison; said count of the indictment dismissed and defendant resentenced to an aggregate term of 25 to 75 years; and, as so modified, affirmed.