■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE A. HAMM, Appellant. [814 NYS2d 403]—

Cardona, P.J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 14, 2004, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic offense of speeding.

In April 2003, police officer Jeffrey Arno stopped defendant after observing that defendant was operating his vehicle in excess of the speed limit. Defendant proceeded to pull over to the side of the road, however, in doing so, he drove the front end of his vehicle into a ditch, causing the car to come to a halt with the rear driver-side tire off the ground. After defendant stepped out, he began conversing with Arno and stated that he

had four beers at a bar. During the conversation, Arno noticed that defendant's eyes were red and glassy and he smelled strongly of alcohol. According to police officer Jeffrey Reickert, who had responded to the scene, defendant failed several field sobriety tests, causing him to conclude that defendant was intoxicated. Reickert also noted that defendant's eyes were glassy and bloodshot, his speech was slurred and he had difficulty keeping his balance when he walked. Police officer Jason Robelotto related that, after defendant was arrested and provided with *Miranda* and driving while intoxicated (hereinafter DWI) refusal warnings (*see* Vehicle and Traffic Law § 1194 [2] [b]), he refused to submit to a breathalyzer test at the police station. Robelotto indicated that there was a strong odor of alcohol on defendant's breath, his eyes were red, glassy, watery and bloodshot, his speech was slurred and he swayed when he walked. Defendant was charged with the crime of DWI (*see* Vehicle and Traffic Law § 1192 [3]) and the traffic offense of speeding (*see* Vehicle and Traffic Law § 1180 [d]). Following a jury trial, he was found guilty of both counts, prompting this appeal.

Initially, defendant contends that the trial evidence was legally insufficient to sustain his DWI conviction because, while it demonstrated that he had consumed alcohol, it did not establish that he was intoxicated.* We disagree. Viewing the evidence in the light most favorable to the People regarding defendant's operation of his motor vehicle, his admission that he had consumed alcohol, his physical appearance and condition, his failure to pass the field sobriety tests, and his refusal to take the breathalyzer test, we conclude that there was legally sufficient evidence supporting the charge of DWI (*see* Vehicle and Traffic Law § 1192 [3]; *see also People v Hasenflue*, 252 AD2d 829, 831-832 [1998], *lv denied* 92 NY2d 982 [1998]).

Furthermore, viewing the evidence in a neutral light, we cannot say that the verdict convicting defendant of DWI was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Gallup*, 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]). While it is true that Reickert's trial testimony contained certain inconsistencies with parts of his *Huntley* hearing testimony regarding the methods of administering certain field tests to determine intoxication, Reickert explained that he was confused by some of the questions and, in any event, the apparent inconsistencies "were thoroughly aired during cross-examination" (*People v Howard*, 299 AD2d 647, 648 [2002], *lv denied* 99 NY2d 629 [2003]). Accordingly, the jury

---

* Defendant only challenges his DWI conviction, therefore issues relating to the speeding conviction will not be addressed.

had a full opportunity to evaluate the witness's credibility and we find no basis to interfere with that determination (*see id.*).

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.