■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG STEPHENS, Appellant. [817 NYS2d 779]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered March 31, 2005, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of controlled substance in the seventh degree.

Defendant was arrested as a result of a buy-and-bust drug interdiction operation in the City of Schenectady, Schenectady County. He was later charged by indictment with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Following a jury trial, defendant was convicted of the charged crimes, as well as the lesser included offense of criminal possession of a controlled substance in the seventh degree. He was sentenced as a second felony offender to an aggregate term of 6 to 12 years in prison.

We first conclude that the jury verdict was based on legally sufficient evidence and not contrary to the weight of the evidence. In meeting their burden of proving that defendant knowingly and unlawfully possessed and sold a narcotic drug (*see* Penal Law § 220.16 [1]; § 220.39 [1]), the People presented the testimony of several police officers who described their roles in the operation and identified defendant as the principal participant in the sale of a quantity of crack cocaine. Most significantly, undercover officer Scott Van Auken recounted his negotiations with defendant, including a disagreement concerning the quality of the narcotics initially offered by defendant, and described the details of the transaction, including defendant's use of an intermediary to deliver the drugs from his person to Van Auken. The intermediary later testified consistently with the officers' version of events. Moreover, following his arrest, defendant's identity as the seller was verified in a confirmatory identification by the undercover officers. Furthermore, currency recovered from defendant matched that used by the officers in the transaction. Accordingly, we conclude that the People satisfied the elements of the charged crimes and thereby established a valid line of reasoning and permissible inferences from which the jury could rationally conclude that defendant possessed and sold narcotics on the day in question (*see People v Ward*, 27 AD3d 776, 777 [2006]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Additionally, defendant's claim that he was himself an innocent go-between for an unidentified and unseen dealer—as well as the fact that the intermediary's testimony came in exchange for a favorable plea agreement—created credibility questions for the jury. Deferring to the jury's implicit resolution of these issues (*see People v Bleakley, supra* at 495; *People v Ford*, 20 AD3d 816, 817 [2005], *lv denied* 5 NY3d 828 [2005]), we find that the verdict was supported by the weight of the evidence.

Defendant's claim that County Court erred in failing to instruct the jury as to his agency defense (*see generally People v*

*Ortiz,* 76 NY2d 446, 448-449 [1990], *amended* 77 NY2d 821 1990]) has not been preserved for our review (*see* CPL 470.05 [2]; *People v Porter,* 304 AD2d 845, 846 [2003], *lv denied* 100 NY2d 565 [2003]). To the extent that he contends that the failure to secure such a jury instruction constitutes the ineffective assistance of counsel, we are of the opinion that no reasonable view of the evidence presented would support a claim that "defendant, in selling narcotics, was acting 'solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer'" (*People v Magee,* 263 AD2d 763, 765 [1999], quoting *People v Ortiz, supra* at 449). Therefore, trial counsel cannot be faulted for failing to request an agency defense instruction (*see People v Rote,* 28 AD3d 868, 869-870 [2006]; *People v Perkins,* 27 AD3d 890, 893 [2006]). Nor are we persuaded that counsel's other purported errors, when viewed in the totality of the representation, deprived defendant of the effective assistance of counsel (*see generally People v Henry,* 95 NY2d 563, 565-566 [2000]).

Finally, inasmuch as defendant has failed to demonstrate an abuse of County Court's discretion or the existence of extraordinary circumstances, we decline to modify defendant's sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v St. Louis,* 20 AD3d 592, 595 [2005], *lv denied* 5 NY3d 856 [2005]; *see also* Penal Law § 70.06 [3] [b]; [4] [b]).

Mercure, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.