■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. SILVESTRI, Appellant. [823 NYS2d 791]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 1, 2005, upon a verdict convicting defendant of the crime of driving while intoxicated.

Broome County Deputy Sheriff Matthew Cower observed defendant, who was riding a motorcycle, make a left-hand turn against a red light. As Cower followed defendant, he observed the motorcycle weave from lane to lane without signaling and exceed the posted speed limit. Cower attempted to stop defendant by activating the police vehicle emergency lights, but defendant did not stop until forced to make a sudden turn to avoid a car immediately in front of him. Based upon the observations of defendant's operation of his motorcycle, the detection of an odor of alcohol on his breath, his admission that he had consumed alcoholic beverages, and his bloodshot eyes, slurred speech and failure of certain field sobriety tests, defendant was arrested for driving while intoxicated. On arrival at the County Sheriff's department, defendant was given the appropriate warnings and refused to submit to a breathalyzer test. A jury convicted defendant of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) as a felony and his sentence consisted of four months in jail, to be served on weekends, five years of probation and revocation of his driver's license. Defendant appeals and we affirm.

Defendant first contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. As an initial matter, defendant failed to preserve any challenge to the legal sufficiency of the evidence by failing

to move to dismiss the charge and argue with specificity the claimed defect (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, were we to reach the issue, we would conclude that the conviction is supported by legally sufficient evidence as, viewed in the light most favorable to the People, the evidence demonstrates a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, observations regarding defendant's operation of his motorcycle, the physical manifestations of intoxication observed by three police officers, defendant's admission of his consumption of alcoholic beverages and his refusal to submit to the breathalyzer test constitute sufficient evidence to satisfy the proof and burden requirements for every element of the crime charged (*see People v Hamm*, 29 AD3d 1079, 1080 [2006]). Although the arresting officer's testimony concerning the method of performing the horizontal gaze nystagmus test was inconsistent, this issue was thoroughly explored on cross-examination (*id.*). Further, viewing the evidence in a neutral light, we do not conclude that the verdict is against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Hamm, supra* at 1080).

Next, we find no merit to defendant's contentions that he was denied a fair trial as a result of the prosecutor's "safe streets" summation and his attempt to shift the burden of proof to defendant. First, when viewed in the context of the prosecutor's entire closing argument, any comments made concerning "safe streets" did not go beyond the bounds of fair commentary (*see People v Ryan*, 240 AD2d 775, 777 [1997], *lv denied* 90 NY2d 910 [1997]). Second, any reference in the prosecutor's summation to the failure of defendant to submit to the breathalyzer examination was not preserved by objection (*see id.* at 777). Were we to reach this issue, we would conclude that any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Beyer*, 21 AD3d 592, 594 [2005], *lv denied* 6 NY3d 752 [2005]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.