■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DELANEY, Appellant. [839 NYS2d 631]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Czajka, J.), rendered March 5, 2004, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree after he allegedly sent Department of Correctional Services Inspector James Bezio two bundles of heroin via express mail in exchange for a $230 money order made payable to defendant. Bezio, who was investigating drug sales at the Cayuga Correctional Facility in Cayuga County, had posed as the brother of an inmate who was acquainted with defendant's brother. Defendant was convicted after a jury trial, but this Court reversed and ordered a new trial on the ground that County Court erred in denying defendant's request to submit the agency defense to the jury

(309 AD2d 968 [2003]).* Following a second trial, defendant was again found guilty of criminal sale of a controlled substance in the third degree. County Court thereafter sentenced him to a term of 10 to 20 years in prison. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that his conviction was not supported by legally sufficient evidence and that it was against the weight of the evidence. Penal Law § 220.39 [1] provides that "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells . . . a narcotic drug." Here, Bezio testified that he ordered two bundles, or 20 glassine bags, of heroin from defendant, who set the price at $230. Shortly after they spoke again and defendant confirmed that he had received the money order and would be sending the drugs the next day, Bezio received a package containing a piece of junk mail with defendant's name on it and 20 glassine bags that later tested positive for heroin.

Furthermore, while testifying at trial, defendant admitted that he agreed to supply Bezio with heroin in exchange for the money order and the drugs to be sent along with the junk mail with his name on it. Defendant claimed, however, that he received no profit, supplied the drugs as a favor to his brother and brother's friend, and that it was a "crack head" with whom defendant was acquainted who actually procured the drugs and mailed the package for a profit. Viewing Bezio's testimony and defendant's admissions in a light most favorable to the People, we conclude that there was a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]; *People v Valderama*, 25 AD3d 819, 820 [2006], *lv denied* 6 NY3d 854 [2006]; *cf. People v Powell*, 12 AD3d 932, 933 [2004], *lv denied* 4 NY3d 802 [2005]). Moreover, although defendant's claim that he was merely acting as an agent for Bezio raised a credibility question, after considering the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' " we find that the conviction was not against the weight of the evidence (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Stephens, supra* at 891).

---

* A more thorough recitation of the underlying facts may be found in our prior decision.

Similarly lacking in merit is defendant's assertion that misconduct by the People deprived him of his right to a fair trial. Specifically, defendant asserts that the People violated County Court's prior *Molineux* ruling by eliciting testimony from Bezio regarding an uncharged crime and suggesting in their opening and closing statements that defendant was involved in other drug transactions. To the extent that this issue was preserved through objections at trial, however, a review of the pertinent comments and testimony reveals that County Court promptly sustained objections whenever there was any suggestion of uncharged crimes, and that the court ameliorated any prejudice to defendant through repeated curative instructions (*see People v Garcia*, 33 AD3d 1050, 1051 [2006]; *People v McCombs*, 18 AD3d 888, 890 [2005]; *see People v Layton*, 16 AD3d 978, 980 [2005], *lv denied* 5 NY3d 765 [2005]). In any event, because Bezio's single allusion to another instance of drug possession by defendant and the People's isolated comments in their opening and closing statements do not reflect a "flagrant and pervasive pattern of prosecutorial misconduct[ ] and were not egregious," County Court properly denied defendant's motion for a mistrial (*People v McCombs, supra* at 890 [internal quotation marks and citations omitted]).

Finally, given defendant's admission to a 1985 burglary for which he was sentenced to 7¹/₂ to 15 years, County Court correctly sentenced him as a second felony offender (*see* Penal Law § 70.06 [1] [b] [iv], [v]). We have considered defendant's remaining arguments and find them to be lacking in merit.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.