■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAROTA, JR., Appellant. [941 NYS2d 302]—

Stein, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 15, 2010, upon a verdict convicting defendant of the crime of driving while intoxicated.

In January 2009, defendant was stopped in the early morning hours by Glens Falls Police Officer Daniel Habshi, after he observed defendant fail to stop at a stop sign, make a right-hand turn without first signaling and then proceed to drive with his vehicle straddling two lanes at once. When Habshi ap-

---

proached the vehicle, he smelled a strong odor of alcohol, asked defendant to step out of his vehicle, and then administered five field sobriety tests to defendant, all of which indicated that defendant was intoxicated. Defendant refused to submit to an Alko-sensor test and Habshi ultimately placed him under arrest for driving while intoxicated (hereinafter DWI). Defendant was transported to the police station, where Habshi read him his *Miranda* rights and a DWI warning. Defendant thereafter refused to submit to a chemical/breathalyzer test, insisting that he wanted a blood test instead. Defendant was subsequently indicted on a felony DWI charge (*see* Vehicle and Traffic Law § 1192 [3]).* A *Dunaway/Huntley* hearing was held and, after a jury trial, defendant was found guilty as charged. County Court sentenced defendant to a prison term of 1¹/₃ to 4 years. Defendant now appeals. Because we agree with defendant's contention that County Court erred in denying his request to submit to the jury the lesser included offense of driving while ability impaired (hereinafter DWAI) pursuant to Vehicle and Traffic Law § 1192 (1), we reverse.

Contrary to defendant's contentions, we are satisfied that his conviction was supported by legally sufficient evidence and was in accord with the weight of the evidence. Vehicle and Traffic Law § 1192 (3) provides that "[n]o person shall operate a motor vehicle while in an intoxicated condition." In this regard, a driver is intoxicated when he or she has "voluntarily consumed alcohol to the extent that he [or she] is incapable of employing the physical and mental abilities which he [or she] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (*People v Cruz*, 48 NY2d 419, 428 [1979], *appeal dismissed* 446 US 901 [1980]; *see People v Pierce*, 268 AD2d 883 [2000], *lv denied* 94 NY2d 924 [2000]; *People v Hagmann*, 175 AD2d 502, 504 [1991]).

Here, defendant's theory of the case was that he was impaired because he used marihuana, and he asserts that the evidence presented at trial was insufficient to support the conclusion that he was intoxicated by alcohol. We disagree. The People's evidence included Habshi's testimony that defendant failed to stop at a stop sign, made a right turn without first indicating and then continued to drive with his car in two lanes at once— all of which are violations of the Vehicle and Traffic Law (*see* Vehicle and Traffic Law § 1128 [a]; § 1163 [b]; § 1172 [a]). Habshi further testified that defendant smelled strongly of alcohol and marihuana, his speech was slurred, he had glassy,

* The People also filed a special information accusing defendant of having been previously convicted of DWI.

bloodshot eyes, and he struggled to maintain his balance upon exiting his vehicle. Habshi also testified that defendant was unable to successfully complete any of the five field sobriety tests that Habshi administered—and the transcript of the tape recording made by defendant at the time supports this testimony. In addition, defendant refused several times to take a breathalyzer. Moreover, after being advised of his *Miranda* rights, defendant admitted that he had been drinking prior to the traffic stop, although he claimed he had consumed only two beers. Defendant's former girlfriend, Marie Crandall, also testified that he smelled of alcohol when she saw him at the jail several hours after he was arrested. In a recorded telephone call with Crandall, defendant stated, among other things, that he had been "partying" since midnight prior to his arrest.

Viewing the evidence in the light most favorable to the People, we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" that defendant was intoxicated (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Johnson*, 70 AD3d 1188, 1189 [2010]). Combined with defendant's concession that he was operating a motor vehicle, we find the evidence was legally sufficient to support defendant's conviction of DWI under Vehicle and Traffic Law § 1192 (3) (*see People v Johnson*, 70 AD3d at 1189; *People v Owens*, 45 AD3d 1058, 1059 [2007]; *People v Hamm*, 29 AD3d 1079, 1080 [2006]).

Despite certain inconsistencies between Habshi's trial testimony and other evidence—including, among other things, Habshi's grand jury testimony and certain written reports he completed—and the absence of evidence of defendant's blood alcohol content, defendant's conviction was not against the weight of the evidence. Any inconsistencies in relation to Habshi's testimony were minor and " 'were thoroughly aired during cross-examination' " (*People v Hamm*, 29 AD3d at 1080, quoting *People v Howard*, 299 AD2d 647, 648 [2002], *lv denied* 99 NY2d 629 [2003]; *see People v Silvestri*, 34 AD3d 986, 987 [2006]). Defense counsel also cross-examined Habshi regarding, among other things, the manner in which he administered the field sobriety tests, which defendant alleged was improper in various respects. In addition, the jury heard a tape recording made by defendant of the traffic stop and defendant's testimony that his intoxicated appearance and behavior were caused by his use of marihuana.

The jury had a full opportunity to evaluate the credibility of the witnesses (*see People v Hamm*, 29 AD3d at 1081), and

"clearly did not accept or credit defendant's explanation for his intoxicated appearance" (*People v Johnson*, 70 AD3d at 1190). Furthermore, inasmuch as the lack of evidence of defendant's blood alcohol content was the result of his refusal to submit to a breathalyzer test, the jury was entitled to draw a negative inference against him (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v D'Angelo*, 244 AD2d 788, 789 [1997], *lv denied* 91 NY2d 890 [1998]). Viewing the evidence in a neutral light, according deference to the jury's credibility determinations, and "weigh-[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Spencer*, 89 AD3d 1156, 1157 [2011] [internal quotation marks and citations omitted]; *accord People v Johnson*, 70 AD3d at 1189-1190), we find that defendant's conviction was not against the weight of the evidence.

In order to warrant the submission to the jury of the charge of DWAI pursuant to Vehicle and Traffic Law § 1192 (1) as a lesser included offense of the DWI charge, defendant must "establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]) and that, viewing the evidence in the light most favorable to defendant (*see People v Hernandez*, 42 AD3d 657, 658-659 [2007]), there is "a reasonable view of the evidence to support a finding that . . . defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d at 135; *see* CPL 1.20 [37]; 300.50 [1], [2]; *People v Scarborough*, 49 NY2d 364, 368 [1980]; *People v Johnson*, 45 NY2d 546, 549 [1978]; *accord People v Heslop*, 48 AD3d 190, 193-194 [2007], *lv denied* 10 NY3d 935 [2008]). "[A] refusal to charge a lesser included crime is warranted only where every possible hypothesis but guilt of the higher crime [is] excluded" (*People v Johnson*, 45 NY2d at 549 [internal quotation marks and citations omitted]; *see People v Hernandez*, 42 AD3d at 659).

In this case, there is no dispute that the first prong of the test was met. As to the second prong, defendant admitted that he had consumed two beers prior to his arrest and that his ability to operate a motor vehicle was impaired, but alleged that such impairment was caused by his additional use of marihuana, not by the alcohol he consumed. On the other hand, Habshi's testimony was that defendant was intoxicated, not merely impaired, due to his consumption of alcohol. However, a reasonable view of the evidence could support a finding that defendant was impaired by alcohol in violation of Vehicle and Traffic Law § 1192 (1), but not intoxicated (*see People v Wimberly*, 86 AD3d

806, 808 [2011], *lv denied* 18 NY3d 863 [2011]; *People v Bowman*, 79 AD3d 1368, 1370 [2010], *lv denied* 16 NY3d 828 [2011]). In making this determination, we recognize that the jury is free to accept some portions of Habshi's testimony and some parts of defendant's testimony, while rejecting other portions of each witness's testimony (*see People v Negron*, 91 NY2d 788, 792 [1998]; *People v Johnson*, 45 NY2d at 549), and we conclude that viewing the evidence in the light most favorable to defendant does not require that we accept his testimony in its totality.

Thus, the jury could have believed that defendant was affected by both alcohol and marihuana, and that the two beers he consumed resulted only in some impairment of his ability to operate a motor vehicle, not intoxication. For example, the jury could have discounted Habshi's ultimate opinion that defendant was intoxicated, believing that he exaggerated the effect of defendant's consumption of alcohol on his ability to operate a motor vehicle and/or based upon Habshi's improper administration of the field sobriety tests (*compare People v Scarborough*, 49 NY2d at 374). Alternatively, the jury could have attributed some of Habshi's observations of defendant's appearance and conduct to defendant's admitted use of marihuana, rather than to his alcohol consumption. Because a rational factfinder could have concluded on this record that defendant committed the lesser offense but not the greater, we are constrained to reverse and remit for a new trial.

Defendant's challenges to certain pretrial rulings by County Court do not merit extended discussion. First, there is no statutory requirement or decisional authority mandating a pretrial hearing to determine the admissibility of defendant's refusal to submit to a chemical test (*see e.g. People v O'Rama*, 78 NY2d 270, 281 [1991]; *People v Thomas*, 46 NY2d 100, 103, 106-107 [1978], *appeal dismissed* 444 US 891 [1979]; *see also People v Friel*, 53 AD3d 667, 668 [2008], *lv denied* 11 NY3d 854 [2008]). Moreover, the requirements of Vehicle and Traffic Law § 1194 (2) (f) for admitting such evidence were met here (*see People v Richburg*, 287 AD2d 790, 791 [2001], *lv denied* 97 NY2d 687 [2001]).

Nor did County Court err by limiting the *Dunaway* hearing so as to preclude evidence concerning the issue of probable cause for defendant's arrest, as opposed to the stop. Aside from defendant's bald assertion that he had not violated any laws, none of the documentation supporting defendant's request for a hearing on such issue presented factual support therefor (*see People v Gilmore*, 72 AD3d 1191, 1192 [2010]; *People v McNair*, 28 AD3d 800, 800 [2006]). Thus, County Court properly limited

the scope of the *Dunaway* hearing (*see People v Mendoza*, 82 NY2d 415, 421 [1993]; *People v Daniger*, 227 AD2d 846, 847 [1996], *lv denied* 88 NY2d 1020 [1996]).

Even assuming that Habshi's grand jury testimony relating to defendant's refusal to submit to a chemical test constitutes *Rosario* material, he has not demonstrated any prejudice resulting from the People's failure to turn over such material until after the *Dunaway/Huntley* hearing (*see generally* CPL 240.44 [1]). Defendant received a full transcript of Habshi's grand jury testimony prior to trial, was afforded a meaningful opportunity to cross-examine him (*see People v Williams*, 50 AD3d 1177, 1179 [2008]), and in fact did so.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.

