# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**44**

**KA 10-01637**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

PAUL L. FRANCO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen K. Lindley, J.), rendered January 4, 2010. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The sole witness at trial was the State Trooper who stopped defendant's vehicle after observing defendant's reckless driving. He testified that he could smell the odor of alcohol on defendant's breath, defendant's eyes were bloodshot, glassy, and watery, and defendant periodically mumbled as he spoke, even though he was generally understandable. The Trooper further testified that he administered six field sobriety tests, all but one of which defendant failed. Finally, there is "a record basis to show that, through words or actions, defendant declined to take a chemical test despite having been clearly warned of the consequences of refusal," and such refusal is admissible as consciousness of guilt (*People v Smith*, 18 NY3d 544, 551; *see People v McGraw*, 57 AD3d 1516, 1517; *People v Gallup*, 302 AD2d 681, 683, *lv denied* 100 NY2d 594; *see generally* § 1194 [2] [f]). We conclude that Supreme Court did not fail to give the evidence the weight it should be accorded, and thus the verdict is not against the weight of the evidence (*see McGraw*, 57

AD3d at 1517; *see generally Bleakley*, 69 NY2d at 495).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court