*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 17, 2015                    107156
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

JENNIFER L. FARNSWORTH,
                        Appellant.
_____

Calendar Date:   October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Kristin T.
Foust of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered October 7, 2014, upon a verdict
convicting defendant of the crime of driving while intoxicated.

        In August 2013, Daniel Bornt, a State Trooper, responded to
a dispatch call regarding a suspicious vehicle on a residential
street in the Town of Malta, Saratoga County.  Bornt discovered
defendant's car, with its head and brake lights turned on, pulled
over to the right side of the road but obstructing the traffic
flow.  After pulling over behind defendant's car and activating
his emergency lights, Bornt approached defendant's car, knocked
on her window and gestured for her to roll it down.  He observed
that defendant's eyes were "bloodshot[,] watery [and] droopy,"
the vehicle smelled of alcohol, there was a quantity of unopened

beer on the passenger seat and one open bottle of beer on the passenger side floor. When asked, defendant advised that she had consumed two beers at a party. Bornt asked defendant to step out of the vehicle and administered field sobriety tests. Based on the results of the tests, Bornt arrested defendant and brought her to the police station. Prior to trial, defendant moved to suppress certain evidence of her intoxication based on her claim that Bornt did not have probable cause to stop and arrest her. County Court denied the motion and the matter proceeded to a jury trial, where defendant was found guilty of driving while intoxicated. Defendant now appeals.

Initially, we find that County Court properly denied defendant's suppression motion. At the pretrial hearing, Bornt recalled the above encounter with defendant, who did not testify. We reject defendant's claim that she was illegally "seized" once Bornt activated the emergency lights. "It is well settled . . . that police officers may approach an individual for basic inquiry provided there is an objective credible reason to do so, not necessarily indicative of criminality" (People v Story, 81 AD3d 1168, 1168 [2011] [citations omitted]). Here, Bornt testified that there had been a number of recent burglaries in the area. That, together with the 911 call reporting a "suspicious vehicle," provided the requisite rationale for Bornt to approach defendant's vehicle that was already stopped on the side of the road (see People v De Bour, 40 NY2d 210, 220 [1976]; People v Wallgren, 94 AD3d 1339, 1340 [2012]; People v Story, 81 AD3d at 1168). The legality of the encounter with defendant's already stopped vehicle is not affected by the fact that Bornt activated his lights first. Rather, by doing so, he properly alerted defendant and presumably other motorists to his presence on the roadway (see People v Wallgren, 94 AD3d at 1341 n 1).[1] In our view, Bornt's observations after he approached defendant and the results of the field sobriety testing provided probable cause for

_____

[1]  Having found that defendant was not "seized," it is not necessary to consider whether Bornt's determination to ticket defendant for a violation of Vehicle and Traffic Law § 1201 (a) was objectively reasonable (see People v Guthrie, 25 NY3d 130, 134 [2015]).

defendant's subsequent arrest (see People v Fenger, 68 AD3d 1441, 1443 [2009]).

Next, although defendant's general motion to dismiss at the close of the proof failed to preserve her challenge to the legal sufficiency of the evidence (see People v Hawkins, 11 NY3d 484, 491 [2008]), we will consider the evidence as part of her claim that the jury verdict was not supported by the weight of the evidence (see People v Sydlar, 106 AD3d 1368, 1369 [2013], lv denied 21 NY3d 1046 [2013]). Generally, a driving while intoxicated verdict must be supported by evidence that defendant was in an intoxicated condition when he or she operated the vehicle (see Vehicle and Traffic Law § 1192 [3]; People v Colburn, 123 AD3d 1292, 1293 [2014], lv denied 25 NY3d 950 [2015]). "[A] driver is intoxicated when he or she has voluntarily consumed alcohol to the extent that he or she is incapable of employing the physical and mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Carota, 93 AD3d 1072, 1073 [2012] [internal quotation marks, brackets and citation omitted]).

Although defendant contends that there was not sufficient proof that she was operating the vehicle while intoxicated, we disagree. Bornt testified that when he approached defendant, she was sitting in the driver's seat of her car, the keys were in the ignition and the head and brake lights were on. For purposes of Vehicle and Traffic Law § 1192 (3), proof that a driver is behind the wheel with the engine running is sufficient evidence of "operation" even where, as here, the vehicle is not in motion (see People v Colburn, 123 AD3d at 1293; People v Westcott, 84 AD3d 1510, 1512 [2011]). As to defendant's intoxicated state, Bornt's testimony with regard to his observations, defendant's performance on the field sobriety tests, her statements to Bornt and her repeated refusal to submit to chemical testing support the jury's determination that defendant operated her vehicle in an intoxicated state (see People v Carota, 93 AD3d at 1073; People v Gallup, 302 AD2d 681, 683 [2003], lv denied 100 NY2d 594 [2003]). In sum, although a different verdict would not have been unreasonable (see People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the jury reasonably credited Bornt's

testimony and the verdict was supported by the weight of the evidence (see id.; People v Carota, 93 AD3d at 1075; People v Hamm, 29 AD3d 1079, 1080 [2006]; People v Gallup, 302 AD2d at 683).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court