People v Varno (2025 NY Slip Op 03668)

People v Varno

2025 NY Slip Op 03668

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CR-23-0101
[*1]The People of the State of New York, Respondent,
v
Victoria L. Varno, Appellant.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Stephen W. Herrick, Public Defender, Albany (Brooke R. Clements of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered March 9, 2023, upon a verdict convicting defendant of the crime of driving while intoxicated.
After spending an evening drinking at a bar with friends, defendant drove her car off the road and into some bushes on the lawn of a college. Police responded and administered field sobriety tests — most of which defendant failed — and requested that defendant take a chemical breath test, but she refused. Defendant was thereafter charged by indictment with felony driving while intoxicated (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Defendant sought to raise a defense that she was not intoxicated by alcohol but instead a date rape drug that an unknown and unseen third party must have slipped into one of her drinks at the bar. The People filed a motion in limine requesting an offer of proof that defendant had a good-faith basis for her defense theory; finding that defendant did not establish such a basis, County Court largely excluded evidence in support of her defense. A four-day trial ensued, after which defendant was found guilty as charged and sentenced to six months in jail and five years of probation. Defendant appeals. We affirm.
Defendant contends that she was denied her due process right to present her defense that she was impaired by drugs she unwittingly consumed at the bar. A "[d]efendant is constitutionally entitled to present a defense, but his [or her] right to do so is not absolute, and the trial court has wide latitude to exclude evidence that is repetitive, is only marginally relevant, or poses an undue risk of confusion of the issues" (People v Restifo, 220 AD3d 1113, 1118 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 1094 [2024]). Relevant here, "a driver is intoxicated when he or she has voluntarily consumed alcohol to the extent that he or she is incapable of employing the physical and mental abilities which he or she is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Carota, 93 AD3d 1072, 1073 [3d Dept 2012] [internal quotation marks, brackets and citation omitted]; accord People v Erfurt, 234 AD3d 1120, 1121 [3d Dept 2025]). In this case, defendant's theory is analogous to third-party culpability,[FN1] and the admission of evidence in support of such a theory " 'may not rest on mere suspicion or surmise' " (People v DiPippo, 27 NY3d 127, 136 [2016], quoting People v Primo, 96 NY2d 351, 357 [2001]; cf. People v Brosnan, 62 Misc 3d 21, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
In response to the People's motion, defendant first proffered evidence concerning events alleged to have occurred in the hours after she was released from custody around midnight. County Court properly excluded such evidence as defendant failed to establish its relevance to whether she was intoxicated by alcohol while driving her car earlier that night at around 8:30 [*2]p.m. (see People v Primo, 96 NY2d at 355; see also People v Powell, 27 NY3d 523, 531-532 [2016]; cf. People v Schulz, 4 NY3d 521, 529 [2005]; People v Willock, 125 AD3d 901, 902 [2d Dept 2015], lv denied 26 NY3d 1012 [2015]; compare People v Thompson, 111 AD3d 56, 64 [2d Dept 2013]). Upon reargument, trial counsel was permitted to cross-examine the People's witnesses about any drug testing that may have occurred, defendant was permitted to testify to her state of mind and how she felt, and defendant's witnesses were permitted to testify to seeing her have two drinks and appear fine when she left the bar. To the extent defendant argues that she should have been allowed to put her defense theory to the jury in a more direct manner, she did so when she testified without objection that she "strongly believed something was put into my drink." Trial counsel also highlighted defendant's theory during summations.[FN2] Regardless, because the only other evidence proffered by defendant was her own " 'suspicion or surmise' " that some unknown person slipped a drug into her drink, County Court did not unconstitutionally impair her right to present that theory to the jury (People v DiPippo, 27 NY3d at 136, quoting People v Primo, 96 NY2d at 357; compare People v Oxley, 64 AD3d 1078, 1083 [3d Dept 2009], lv denied 13 NY3d 941 [2010]). Defendant's related assertion — that she was deprived of meaningful representation by trial counsel's alleged failure to conduct minimal research on the effects of date rape drugs — relies on facts outside the record and, as such, would be more appropriately raised in a CPL article 440 motion (see People v Baber, 182 AD3d 794, 802 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]; People v Shortell, 173 AD3d 1364, 1366 [3d Dept 2019], lv denied 34 NY3d 937 [2019]).
Turning to defendant's allegations of prosecutorial misconduct, defendant first takes issue with the prosecutor's references to the results of her preliminary breath test while questioning a witness during the People's direct case, which test County Court ruled was inadmissible to prove defendant's intoxication. Defendant timely objected and requested a mistrial. The court sustained the objection, denied defendant's mistrial request and directed the jury to disregard the offending references. Any prejudice to defendant arising from the prosecutor's inappropriate questioning was ameliorated by the court's prompt curative instruction and not so egregious as to warrant a new trial on due process grounds (see People v Hebert, 218 AD3d 1003, 1010 [3d Dept 2023], lv denied 40 NY3d 1080 [2023]; People v Delaney, 42 AD3d 820, 822 [3d Dept 2007], lv denied 9 NY3d 922 [2007]).
Defendant also challenges the prosecutor's summation comment mischaracterizing a witness' testimony by claiming the witness identified defendant at the bar. In fact, the witness testified to observing an unidentified woman drink two or more scotches at the bar, but he was unable to identify defendant as that woman[*3]. County Court overruled defendant's timely objection; but as it did so, the court reminded the jury that their recollection controls, not counsel's, and that they could have testimony read back to them. In our estimation, the prosecutor's misstatement was not so prejudicial as to deny defendant her right to a fair trial (see People v Graham, 215 AD3d 998, 1007-1008 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Rivera, 206 AD3d 1356, 1359-1360 [3d Dept 2022], affd 39 NY3d 1062 [2023], cert denied ___ US ___, 143 S Ct 2675 [2023]).
Defendant's remaining allegations of prosecutorial misconduct are unpreserved (see CPL 470.05 [2]; People v Balls, 69 NY2d 641, 642 [1986]). Defendant failed to object when the prosecutor commented during opening statements that she had tested positive for alcohol, and she did not challenge the relevance of the aforementioned witness' testimony about the unidentified woman at the bar. Defendant likewise did not protest when the prosecutor commented during summation that defendant was engaging in speculation by claiming that someone slipped something into her drink. We decline to take corrective action on these unpreserved issues in the interest of justice (see People v Houck, 101 AD3d 1239, 1240 [3d Dept 2012]). "In any event, the challenged conduct was not so egregious or pervasive as to deprive defendant of a fair trial" (People v Reichel, 110 AD3d 1356, 1364 [3d Dept 2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 1090 [2014]). Defendant's remaining contentions, to the extent not addressed above, have been reviewed and found to be meritless.
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).

Footnotes

Footnote 1: Although blood and urine samples taken the day after the subject crime at defendant's request indicated she had certain drugs in her system, defendant did not pursue a defense that she was intoxicated by those drugs or any other drug that she voluntarily consumed (compare People v Carota, 93 AD3d at 1073).

Footnote 2: Defendant's brief does not specify what other evidence, if any, she was barred from introducing, and appellate counsel could not speak to that issue at oral argument.