■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN CURRAN, Appellant. [646 NYS2d 896] —Peters, J. Appeal from a judgment of the County Court of Essex County (Dawson, J.), rendered August 2, 1993, upon a verdict convicting defendant of the crimes of murder in the second degree (three counts), burglary in the first degree (two counts), burglary in the third degree (two counts), robbery in the first degree, grand larceny in the third degree and petit larceny.

On July 14, 1992, defendant and his cousin, Ronald Reynolds, committed three burglaries in the Town of Essex, Essex County. After an evening of drinking alcoholic beverages and playing horseshoes, they burglarized an unoccupied trailer, a nearby log cabin, and then proceeded on foot to the residence of Thomas Hicks and Rita Hicks. Upon their approach to the rear of the residence, Reynolds heard someone inside attempting to lock the door. Reynolds kicked in the lower panel of the door to allow himself, then defendant, to enter the residence. Already carrying knives, they armed themselves with shotguns from a gun rack inside the house. They ordered the Hickses to lie face down on the floor of their bedroom and then, after the Hickses relinquished a wallet and a purse, shot them execution style in the back of the head.

Reynolds and defendant fled using the Hickses' car. Unable to get it out of the garage, they drove it through the garage door and headed south. The car ran out of gas in the Town of Ramapo, Rockland County, where it was abandoned. After walking around the area for several hours, Reynolds and defendant fabricated a story about an individual named "Duckey" committing the aforementioned murders. Entering the Ramapo Police Station at about 6:00 P.M., they advised the desk officer that they wished to talk to someone concerning some shootings and burglaries in upstate New York. Although they began by reciting their fabricated story, both Reynolds and defendant admitted during their narrative that they participated in the burglaries. After being transported to the Palisades State Police Barracks and interviewed separately by State Police Investigators, defendant further admitted, both orally and in a written statement, that he and Reynolds had fabricated the story about "Duckey" and had, in fact, committed all of the aforementioned burglaries. He also admitted that he shot Thomas Hicks in the back of the head. This confession and Reynolds' statement coincided with the physical evidence found by the State Police.

Defendant was charged with multiple crimes relating to the events on July 14, 1992. After conviction by a jury, he was sentenced to a term of imprisonment. Defendant now appeals, contending that the People failed to present legally sufficient evidence to convict him of second degree murder and that the jury's verdict is against the weight of the credible evidence.

Viewing the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find it legally sufficient to establish defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the jury verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). The People's evidence showed that during the course of the third burglary, defendant shot Thomas Hicks in the back of the head. Defendant's written statement to the police investigator was consistent therewith, as was the forensic evidence. The only conflicting testimony was that of defendant at trial who stated, for the first time, that while he entered the residence and threatened the Hickses with a loaded shotgun, he ran out of the house, never to enter again, before Reynolds shot both victims. We find this testimony not only inconsistent with the written statements of both Reynolds and defendant, but also incredible given defendant's detailed description of both the head wounds and the position of the bodies.

As to defendant's contention that County Court failed to hold a *Mapp* hearing (*see*, CPL 710.60 [1], [5]) and to set forth its findings of fact and conclusions of law regarding the admissibility of certain physical evidence, as mandated by the dictates of the CPL (*see*, CPL 710.60 [6]), again we find no merit. The record reflects that the court, after holding a suppression hearing, properly concluded that the defendant's *Miranda* rights were not violated and that his statements were voluntarily given (*see, Miranda v Arizona*, 384 US 436; *People v Huntley*, 15 NY2d 72). The failure of County Court to set forth its findings of fact and conclusions of law concerning its refusal to suppress the physical evidence is not found by us to be fatal where, as here, there has been a full and fair hearing. Being empowered to make the necessary findings of fact, we conclude, after reviewing the record, that all of defendant's statements to the police were voluntarily given and that neither those statements nor the physical evidence obtained as a result thereof should have been suppressed (*see, People v Vail*, 90 AD2d 917; *People v Acosta*, 74 AD2d 640; *People v Cruz*, 65 AD2d 558).

We further reject defendant's contention of error regarding

County Court's refusal to charge on the People's purported failure to produce audio tapes of statements made by him to police authorities since the record reflects that such recordings do not exist (*see, People v Rodriguez*, 181 AD2d 841). Similarly unavailing is defendant's challenge to the court's charge as unduly long, difficult and complex. Notwithstanding the court's incorporation of a specific charge request made by defendant, the record does not reflect any objection by defendant regarding the length of the jury charge or its complexity which would adequately preserve this issue for our review (*see, People v McKenzie*, 67 NY2d 695; *People v Contes*, 60 NY2d 620, *supra*; *People v Esposito*, 191 AD2d 746, *lv denied* 81 NY2d 885).

As to defendant's remaining contentions, we have examined them and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.