■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MASTRO, Appellant. [649 NYS2d 826] —Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered June 13, 1995, which revoked defendant's probation and imposed a term of imprisonment.

Pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of driving while intoxicated as a felony and was sentenced to a five-year term of probation. Defendant was thereafter found guilty of violating the conditions of his probation by operating a motor vehicle while intoxicated and without a license. Defendant's probation was revoked and he was resentenced to a prison term of 1 1/3 to 4 years.

Defendant appeals, contending that County Court's determination finding him guilty of violating the terms of his probation was not based upon a preponderance of the evidence with the result that it constituted an abuse of the court's discretion. We disagree. Included in the evidence presented at the revocation hearing was the testimony of the arresting police officer. He stated that he had observed defendant in the driver's seat of a motor vehicle that was stopped at a green light and that upon seeing the police car, defendant got out of the car and began walking away, leaving the car at the intersection with the motor running. Following his apprehension, defendant admitted that he had been driving the car. A second police officer testified that he had administered sobriety tests to defendant, the results of which demonstrated that defendant was intoxicated. We conclude that County Court's determination that defendant had violated the conditions of his probation by operating a motor vehicle while his privilege was revoked and while he was intoxicated was based upon a preponderance of the evidence and should be affirmed (*see, People v Marx,* 222 AD2d 763, 764).

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.