■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HICKS, Appellant. [719 NYS2d 244] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; Daniel FitzGerald, J., at jury trial and sentence), rendered April 27, 1999, convicting defendant of three counts of robbery in the first degree, two counts of criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life consecutive to concurrent terms of 25 years to life, 25 years to life, 20 years to life, 20 years to life, 15 years to life and 15 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The court properly found that, under the particular circumstances, the police did not "stop" or otherwise seize the cab in which defendant was a passenger when they ordered the driver of the already stopped cab to pull over to the curb (see, People v Ocasio, 85 NY2d 982). The cab driver had stopped his cab in the middle

of a bridge, forcing other traffic to stop, and would not move his cab when an officer identified himself and waved at the driver to move on. At this point, the police were, at the very least, entitled to direct the cab to pull over in order to permit traffic to flow. In any event, even if this action constituted a seizure, it was based on reasonable suspicion of criminality. Prior to ordering the driver to pull over, the police approached the cab and observed the driver's terrified demeanor, along with defendant's furtive gesture, appearing to place an object on the floor. These facts, coupled with the driver's unusual behavior in stopping and refusing to move his car, created reasonable suspicion that a robbery was in progress. All the ensuing police conduct was properly found to be lawful.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification.

We perceive no basis for reduction of sentence. Concur— Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.