(March 29, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE BAILEY, Appellant. [726 NYS2d 389] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; Daniel FitzGerald, J., at jury trial and sentence), rendered April 27, 1999, convicting defendant of two counts of robbery in the first degree, two counts of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to two terms of 15 years, two terms of 10 years and two terms of 5 years, all to be served concurrently, unanimously affirmed.

Defendant's suppression motion was properly denied. Most of defendant's arguments in favor of suppression were rejected by this Court on the codefendant's appeal (*People v Hicks*, 279 AD2d 332), and we see no reason to reach a different result here. With respect to defendant's additional contention, we conclude that under the highly suspicious circumstances already facing the police, as set forth in our prior decision, defendant's action in reaching into his jacket pocket provided the officer with a reasonable basis to fear for his safety. Accordingly, the officer properly ordered defendant out of the cab, touched his pocket, and removed a gun (*see, Matter of Michael J.*, 270 AD2d 181, *lv denied* 94 NY2d 762).

After a prosecution witness was impeached with a prior inconsistent statement contained in a police report, the court properly permitted the People to elicit clarifying testimony from the witness and to introduce the very next sentence of the same police report. The additional sentence, when coupled with the clarifying testimony, was relevant to place the alleged inconsistent statement in context (*see, People v Torre*, 42 NY2d 1036; *see also, People v Melendez*, 55 NY2d 445, 451-452). Furthermore, the prosecutor's summation arguments on this

issue were fair comment on the evidence and were responsive to defense arguments (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.