■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE RICE, Appellant. [935 NYS2d 169]—

McCarthy, J.

Defendant shot the victim several times at point blank range, injuring him. Out of nine counts in the ensuing indictment, six were dismissed prior to trial and two were dismissed during trial. The jury convicted defendant of the remaining count, assault in the first degree. Supreme Court sentenced defendant to 15 years in prison, followed by five years of postrelease supervision. Defendant appeals.

The conviction was supported by legally sufficient evidence and was not against the weight of the evidence. The People had to prove that "[w]ith intent to cause serious physical injury to another person, [defendant] cause[d] such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). The element truly at issue is whether the victim suffered a serious physical injury, defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

The victim testified that he and defendant had a disagreement, defendant fired several shots from a handgun in the victim's direction, defendant said "how does that feel?", then the victim noticed pain and bullet holes in his body. Defendant was standing about three feet away from the victim at the time.

At the emergency room, the victim passed out. He had been shot in his left thigh, left buttock and right arm; his right humerus was broken by a bullet. Surgeons removed two bullets from his body, but left one in his thigh because it was more dangerous to remove it. The victim testified—more than a year after the incident—that he could not fully extend or straighten his arm and was unable to lift the same amount of weight with that arm as he could before the incident. A doctor who reviewed the victim's medical records opined that a bullet fracturing a humerus could permanently affect the arm, and such limitation on the use of the arm would constitute protracted impairment of function of a bodily organ (*see* Penal Law § 10.00 [10]). This evidence was legally sufficient to support the conviction (*see People v Khuong Dinh Pham*, 31 AD3d 962, 965-966 [2006]; *People v Graham*, 297 AD2d 579, 580 [2002], *lv denied* 99 NY2d 535 [2002]; *compare People v Ham*, 67 AD3d 1038, 1039-1040 [2009]; *People v Gray*, 30 AD3d 771, 772-773 [2006], *lv denied* 7 NY3d 848 [2006]). Although the testimony of the eyewitnesses contained inconsistencies or differed from their prior statements, their testimony was not incredible as a matter of law (*see People v Scanlon*, 52 AD3d 1035, 1039 [2008], *lv denied* 11 NY3d 741 [2008]). Considering all of the evidence in a neutral light and giving deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (*see People v Pine*, 82 AD3d 1498, 1500 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Kruppenbacher*, 81 AD3d 1169, 1174 [2011], *lv denied* 17 NY3d 797 [2011]).

Based on the callous and casual nature of the crime—firing five or six shots toward a friend at point blank range—the sentence was not harsh or excessive (*see People v Dolan*, 51 AD3d 1337, 1341 [2008], *lv denied* 12 NY3d 757 [2009]). Defendant's remaining arguments have not been preserved for review, and we decline to exercise our interest of justice jurisdiction.

Mercure, A.P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.