McCarthy, J.
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 16, 2010 in Albany County, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).
A State Trooper and his captain observed defendant sitting on his motorcycle facing the wrong way in the middle of a one-way street. The engine was off but the keys were in the ignition. While speaking to defendant, the officers noticed an odor of alcohol coming from him, his eyes were watery, his face was flushed and his speech was slurred. After administering field sobriety tests and a preliminary screening for alcohol, the Trooper arrested defendant for driving while intoxicated (hereinafter DWI). A chemical test showed that his blood alcohol content was .14%. Following a trial, he was convicted of two *1366 counts of DWI (see Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]). Supreme Court sentenced him to six months in jail and five years of probation on each count. Defendant appeals.
Defendant’s arrest was supported by probable cause. The police could lawfully approach defendant because they had a reasonable suspicion that he had violated the Vehicle and Traffic Law, as his motorcycle was stopped in the middle of the street and facing the wrong way on a one-way street (see Vehicle and Traffic Law § 1127 [a]; § 1163 [c]; People v Davis, 58 AD3d 896, 896-897 [2009]; People v Rorris, 52 AD3d 869, 870 [2008], lv denied 11 NY3d 741 [2008]). Upon smelling the odor of alcohol on defendant’s breath, the Trooper could investigate any possible crime related to defendant’s intoxication. When asked where he was going, part of defendant’s response was that he had traveled about 50 yards in the proper direction on the one-way street, realized that he was lost, then turned around and returned to look at directions in the spot where the police saw him. Based upon defendant’s physical appearance, his failure of the standardized field sobriety tests (even though he passed some of the non-standardized tests), the positive breath screen and his admission that he had been driving, the Trooper had probable cause to arrest defendant for DWI (see People v Fenger, 68 AD3d 1441, 1442-1443 [2009]; People v Kowalski, 291 AD2d 669, 670 [2002]; People v Collins, 70 AD2d 986, 987 [1979]). Thus, Supreme Court properly denied defendant’s pretrial motions.
The verdict was not against the weight of the evidence. On appeal, defendant does not contest the proof of intoxication, but contends that the People failed to prove that he operated the motorcycle (see Vehicle and Traffic Law § 1192 [2], [3]). The Trooper and captain testified that the motorcycle’s engine was not running and they never saw defendant driving, but they did see the keys in the ignition. Defendant was sitting astride the motorcycle, wearing a helmet, and the captain testified that the kickstand was up. The Trooper testified that defendant explained how he had traveled onto the one-way street, driven 50 yards past where they encountered him, then turned around and returned to that spot. Minor inconsistencies in the officers’ testimony did not render either of them incredible as a matter of law (see People v Byron, 85 AD3d 1323, 1325 [2011], lv denied 17 NY3d 857 [2011]; People v Earley, 244 AD2d 769, 771 [1997]; People v D’Angelo, 544 AD2d 788, 789 [1997], lv denied 91 AD2d 890 [1998]). The jury could determine beyond a reasonable doubt, based upon defendant’s admission and the supporting *1367 circumstantial evidence of operation, that defendant operated the motorcycle while he was intoxicated (see People v Westcott, 84 AD3d 1510, 1512-1513 [2011]; People v Beyer, 21 AD3d 592, 593-594 [2005], lv denied 6 NY3d 752 [2005]; People v Marriott, 37 AD2d 868 [1971]; see also People v Mastro, 233 AD2d 624 [1996]). Thus, the verdict was not against the weight of the evidence.
Mercure, J.E, Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.