■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY O'BRIEN, Appellant. [32 NYS3d 741]—

Lynch, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 27, 2014, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic infraction of refusal to submit to field testing.

During the early morning hours of January 30, 2012, State Troopers Wayne Russell and Brian Ribar observed defendant's vehicle parked on the westbound shoulder of the New York State Thruway. The troopers found defendant asleep in the

driver's seat. The vehicle was turned off with the key in the ignition. They awoke defendant by knocking on the window and, after smelling alcohol, asked defendant to step out of the vehicle. According to Russell, defendant explained that he was heading to Fort Drum from the City of Albany and had pulled over to rest. After defendant admitted to consuming one beer in Albany, Russell conducted three field sobriety tests. Based on the negative test results and defendant's refusal to take a roadside breath test, Russell placed him under arrest for driving while intoxicated and read him *Miranda* and refusal warnings. According to Russell, defendant changed his story from having one beer to consuming "a few drinks." Ribar administered a chemical test to defendant at the station, which revealed a blood alcohol content of 0.18%.

Defendant was charged in an indictment with aggravated driving while intoxicated, driving while intoxicated and refusal to submit to field testing. County Court denied defendant's motion to suppress the chemical test results and certain statements that he made to the arresting officer. Following a jury trial, defendant was acquitted of aggravated driving while intoxicated, but convicted of the remaining two charges. He was sentenced to time served on the driving while intoxicated conviction with a fine of $1,000 and five years of probation and was required to install an ignition interlock device on his vehicle. He received an unconditional discharge on the refusal to submit to field testing conviction. Defendant appeals.

Initially, we find that County Court properly denied defendant's suppression motion. Having observed defendant's vehicle illegally parked along the Thruway shoulder in the middle of the night, the troopers had a reasoned basis to approach his vehicle (*see People v De Bour*, 40 NY2d 210, 220 [1976]; *People v Farnsworth*, 134 AD3d 1302, 1303 [2015]; *People v Wallgren*, 94 AD3d 1339, 1340 [2012]). The troopers also properly had defendant exit the vehicle to further investigate the odor of alcohol (*see People v Shaffer*, 95 AD3d 1365, 1366 [2012]). While their descriptions varied, both troopers testified that defendant had difficulty exiting the vehicle. Russell observed that defendant's speech was slurred and his eyes were bloodshot, and he testified that defendant failed all three field sobriety tests. While there were certain discrepancies between Russell's and Ribar's testimony, as well as multiple inconsistencies in a note card and bill of particulars that Russell completed shortly after the arrest, we conclude that County Court had ample basis to resolve the credibility issues and determine that there was probable cause for defendant's arrest (*see People v Shaffer*, 95

AD3d at 1366; *People v Wallgren*, 94 AD3d at 1341-1342). This arrest provided the basis for the chemical test (*see People v Poje*, 270 AD2d 649, 650 [2000], *lv denied* 95 NY2d 802 [2000]).

Next, defendant contends that County Court erred when it precluded certain medical records offered to corroborate defendant's testimony that injuries that he sustained while on military duty in Iraq and Afghanistan affected his ability to perform the field sobriety tests. Relatedly, defendant maintains that the prosecutor engaged in misconduct by exploiting the preclusion during cross-examination of defendant and during her summation.

This dispute centers on Russell's testimony at the March 5, 2014 suppression hearing that defendant confirmed that he did not have any physical condition that would prevent him from performing the field sobriety tests. In contrast, at trial, defendant testified that he informed Russell that he was unable to perform the field sobriety tests due to hip and back injuries. Just prior to jury selection on April 14, 2014, defense counsel apprised County Court and the prosecutor for the first time that he anticipated receiving defendant's certified medical records that day and offered to provide a copy of any uncertified set. When asked by the court whether she had any comment, the prosecutor responded, "Nope. Thank you." Later that afternoon, during opening statements, defense counsel pointed out that defendant had "documented injuries." The next day, defense counsel confirmed that he had received the certified medical records, consisting of 99 pages, which he intended to introduce into evidence, subject to redaction. The People objected, pointing out that defendant failed to timely respond to a discovery demand for documentation (*see* CPL 240.20 [1] [c]). In response, defense counsel explained that he did not intend to utilize defendant's medical records until hearing Russell's suppression hearing testimony that defendant confirmed that he was able to take the field sobriety tests. County Court conducted an extensive inquiry, exploring whether the parties could agree on a middle ground—through a brief adjournment and a limitation on the medical records received—to no avail. The court sustained the objection and precluded the evidence.

Where, as here, a defendant fails to timely comply with a discovery demand, the trial court has discretion to impose a broad range of sanctions, including preclusion (*see* CPL 240.70 [1]; *People v Jenkins*, 98 NY2d 280, 284 [2002]). "When asked to preclude evidence, a court is required to weigh the possibility of prejudice to the prosecution against the right of the defendant to present his or her case" (*People v LeFebvre*, 45 AD3d

1175, 1176 [2007] [citation omitted]). "Preclusion of evidence is a severe sanction, not to be employed unless any potential prejudice arising from the failure to disclose cannot be cured by a lesser sanction" (*People v Jenkins*, 98 NY2d at 284). We defer to the trial court's selection of an appropriate sanction, absent an abuse of discretion (*see id.*). Here, County Court's own inquiry readily identified measures to alleviate any prejudice to the People by offering a one-day continuance to review the medical records and/or to pare down the submissions. Defense counsel even agreed to limit the offer to three pages and, yet, claiming surprise, staffing shortages and an inability to cross-examine the physicians, the People stood firm on preclusion. In our view, defense counsel provided a plausible explanation for the late submission, which, as limited to three pages, was easily reviewable within a short time frame. Since a less drastic remedy was readily available, we conclude that the outright preclusion of this evidence was an abuse of discretion.

We are further concerned with the prosecutor's cross-examination of defendant and the personal opinions that she rendered during summation. Defendant concedes in his brief that he failed to preserve his challenge to the prosecutor's cross-examination and summation through objections at trial, but we exercise our interest of justice jurisdiction to take corrective action (*see* CPL 470.15 [6] [a]; *People v Riback*, 13 NY3d 416, 423 [2009]; *People v Ashwal*, 39 NY2d 105, 110-111 [1976]). Having received the medical records on the morning of April 15, 2014 prior to calling her own first witness, the prosecutor clearly had adequate time to review the three pages before cross-examining defendant the next day. The medical records confirmed that defendant had been exposed to multiple explosions in Afghanistan and had a history of falling from a vehicle and a low back injury. During cross-examination, the prosecutor utilized documentation provided by the defense to question defendant as to his winning an Iron Man award in August 2011 and his being recommended for enrollment in the US Army Ranger School, described as one of the most physically and mentally demanding military programs in the world. Certainly this questioning was an accurate portrayal of defendant's physical fitness prior to being injured during his military service and fair game to a point as to whether defendant was capable of performing the field sobriety tests. The portrayal, however, disregards defendant's actual medical condition as shown in the precluded medical records. This discrepancy came to a head during summation, where the prosecutor stated, "I just didn't really know what to make" of defendant's claimed

impairments. She continued, "I'm surprised" given defendant's Iron Man award, and concluded, "I don't understand what happened . . . when he couldn't perform a standardized field sobriety test. It just doesn't make any sense to me."

A prosecutor may not, even during summation, express his or her personal opinion challenging the veracity of the evidence (*see People v Bailey*, 58 NY2d 272, 277 [1983]; *People v Casanova*, 119 AD3d 976, 978 [2014]). To express personal surprise as to defendant's claim of incapacity, while in possession of defendant's medical records, was disingenuous and improper. Considering that the jury acquitted defendant of the aggravated driving while intoxicated charge, his ability to perform the field sobriety tests presented a central issue in the case. In our view, the preclusion of the medical records coupled with the prosecutor's summation substantially prejudiced defendant and deprived him of a fair trial (*see People v Casanova*, 119 AD3d at 979).

McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Montgomery County for a new trial.