People v Rondon-Rondon (2024 NY Slip Op 50620(U))

[*1]

People v Rondon-Rondon (Pedro)

2024 NY Slip Op 50620(U) [83 Misc 3d 126(A)]

Decided on May 28, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 28, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570183/18

The People of the State of New
York, Respondent,
against
Pedro Rondon-Rondon,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Shari Ruth Michels, J. at suppression motion; Frances Y. Wang, J., at
plea and sentencing), rendered November 28, 2017, convicting him, upon a plea of
guilty, of driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Shari Ruth Michels, J. at suppression motion; Frances Y.
Wang, J., at plea and sentencing), rendered November 28, 2017, affirmed.
The suppression court, which adopted in part the findings of fact and conclusions of
law made by a judicial hearing officer (JHO), properly denied defendant's suppression
motion. There is no basis upon which to disturb the JHO's credibility determinations,
which are supported by the record. The court properly found that, under the
circumstances, the police did not stop or seize defendant's vehicle when they used a short
blast of their siren to prompt defendant to move his vehicle, which was idling in the
middle of the roadway at 3:10 a.m., with the engine and brake lights on, and partially
obstructing traffic (see People v Farnsworth, 134 AD3d 1302, 1303 [2015], lv
denied 27 NY3d 1068 [2016]; People v Wallgren, 94 AD3d 1339, 1341, n 1
[2012]; People v Hicks, 279 AD2d 332, 333 [2001], lv denied 96 NY2d
801 [2001]). The use of the short siren blast to alert defendant to the officers' presence,
to prompt him to move his vehicle, and to allow traffic to flow was proper under the
circumstances, and did not constitute a seizure (see People v Hicks, 279 AD2d at
332).
The officers subsequently observed defendant attempting to park in a space that was
too small for his vehicle. When the officers pulled their patrol vehicle alongside
defendant to tell him that he could not fit into the space, they observed defendant's
bloodshot, watery eyes, and slurred speech. These observations provided police with
reasonable suspicion to stop the vehicle (see People v Parker, 197 AD3d 741
[2021], lv denied 37 NY3d 1098 [2021]). The additional indicia of intoxication
exhibited by defendant following the stop provided probable cause for his arrest (see
People v Johnson, 140 AD3d 978 [2016], lv denied 28 NY3d 931
[2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 28, 2024